ORIGINAL

RAMON J. FERRER
135 S. Wakea Ave. Suite 204
Kahului, HI 96732
Tel. (808) 891-1414
Fax (808) 877-3682
Email: ramonlaw firm @hotmail.com

Attorney For Plaintiffs
Suzanne M. Kitamura
McGrath Properties, LLC
Suzanne Kitamura as custodian for Dominique Angel Funes, a minor child born on 12/13/1996

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 20 2012

at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SUZANNE M. KITAMURA;<br>MCGRATH PROPERTIES, LLC;<br>SUZANNE M. KITAMURA as<br>Custodian for Dominique Angel Funes, a<br>Minor Child Born on 12/13/1996,<br><br>           Plaintiff,<br><br>vs.<br><br>AOAO OF LIHUE TOWNHOUSE;<br>RE3, LLC, REAL ESTATE SERVICES;<br>WAYNE RICHARDSON; KAREN<br>REBECCA SAKIMAE; PHILLIP S.<br>NERNEY; JOHN DOES 1-10; JANE<br>DOES 1-10; DOE CORPORATIONS<br>1-10; DOE PARTNERSHIPS 1-10:<br>DOE NON PROFIT ENTITIES 1-10 and<br>DOE GOVERNMENT ENTITIES 1-10,<br><br>           Defendants. | CASE NO. CV12 00353 ACK BMK<br><br><br><br><br><br><br><br><br>COMPLAINT; EXHIBITS 1-5;<br>DEMAND FOR JURY TRIAL |

## COMPLAINT

COMES NOW Plaintiff Suzanne M. Kitamura ("Kitamura"), McGrath Properties 1, LLC ("McGrath")and Suzanne M. Kitamura as Guardian for Dominique Angel Funes, a Minor Child Born on 12/13/1996 ("Funes") by and through their attorney Ramon J. Ferrer and bring the following Complaint against Defendants AOAO of Lihue Townhouse, RE 3 LLC, Real Estate Services, Wayne Richardson, Karen Rebecca Sakimae, Phillip S. Nerney, John Does 1-10, Jane Does 1-10 Doe Corporations 1-10, Doe Partnerships 1-10, Doe Non Profit Entities 1-10 and Doe Governmental Entities 1-10 (Collectively "Defendants"), avers and alleges as follows:

### I. INTRODUCTION

1. This is an action for violation of debt collection practices, breach of contract and unfair an deceptive practices brought against the Kitamura.

### II. JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction as this is a civil action seeking monetary damages for unfair debt collection practices under 15 U.S.C. Section 1692, breach of contract, intentional and negligent misrepresentation and deceptive business practices pursuant to Hawaii Revised Statutes ("HRS") 480. State claims are brought under ancillary jurisdiction. Venue is proper in the U.S. District Court for the District of Hawaii because violations occurred in Hawaii and parties reside or have a business in Hawaii.

2

## II. THE PARTIES

3. Plaintiff Suzanne M. Kitamura was at all times relevant herein over the age of eighteen and a resident of the County of Kauai, State of Hawaii. She is an individual consumer and owner of real property located at 4156 Rice Street Lihue, Hawaii 96766, TMK (4) 3-6-003-023 C.P.R. No. 0059 (the "Property").

4. Plaintiff McGrath is a Limited Liability Company incorporated under the laws of the State of Hawaii which received an interest in the Property.

5. Plaintiff Funes is a minor residing in the County of Kauai, State of Hawaii.

6. Defendant AOAO of Lihue Townhouse ("AOAO") is an unincorporated association of apartment owners of the condominium project known as Lihue Townhouse, a condominium property regime situated in the County of Kauai, State of Hawaii and established an existing pursuant to Chapter 514A of the Hawaii Revised Statutes, as amended ("Chapter 514A"), and acting by and through its board of directors.

7. Defendant RE3, LLC Real Estate Services ("RE3") is the collection agent for the AOAO, having as its address 2970 Haleko Rd. Suite 103 Lihue, Hawaii 96766.

8. Wayne Richardson is the owner and principal broker for RE3. His address is 2970 Haleko Rd. Suite 103 Lihue, Kauai 96766, As such, he acted to collect the AOAO's debts.

9. Defendant Karen Rebecca Sakimae ("Sakimae") is the manager agent for RE3, having as her address 2970 Haleko Rd. Suite 104 Lihue, HI 96766. As such, she acted to collect the AOAO's debts.

10. Phillip S. Nerney ("Nerney") is the attorney for AOAO. His address is 737

Bishop Street Suite 2780 Honolulu, HI 96813. He has been employed by the AOAO to collect its debts.

11. Defendants John Does 1-10, Jane Does 1-10, Doe Corporations 1-10, Doe Partnerships 1-10, Doe Nonprofit Entities 1-10 and Doe Governmental Entities 1-10, inclusive are various individuals, partnerships, associations, corporations and other entities participating with or on behalf of the defendants as described adverse to Plaintiff's interests. Plaintiffs have made and will continue to make a good faith effort to identify and determine the true names of said parties. Plaintiffs reserve the right to amend this complaint to add such parties as their true identities and capacities are ascertained through discovery or otherwise.

## IV.   FACTUAL ALLEGATIONS

12. Plaintiffs were at all relevant times the free and clear owners of the Property in the project known as Lihue Townhouse.

13. Plaintiffs are members of the Association of Apartment Owners known as AOAO which is governed by established by laws.

14. Plaintiffs have previously received numerous letters and demands from Nerney collecting on behalf of AOAO alleging arrearages by the Plaintiffs for association fees (See Exhibit 1, copies of letters concerning past due fees).

15. Plaintiffs through Kitamura attempted on numerous occasions to ascertain the exact amount owed in order to make payment but she was unsuccessful because Defendants refused to provide an accurate accounting while fees mounted .

16. On October 17, 2008, the AOAO through Nerney filed a complaint and summons

to foreclose on the property for failure to pay AOAO fees (See Exhibit 2, Complaint to Foreclose).

17, On December 12, 2008, Plaintiffs, through Kitamura, tendered a check to the AOAO in the amount of $5,000.00 to pay her estimate of past and future association fees. The reason for the estimate was that actual amounts were not being provided. The check was not applied by the AOAO to any amounts due. The check was returned to the Plaintiffs un cashed

18. On January 12, 2009, Plaintiffs finally received a response from the Nerney stating

Plaintiffs owed a debt of $2,995.00 in unspecified association fees. Why the AOAO did not accept the $5,000.00 check mentioned in paragraph is a mystery.

19. Plaintiffs were not aware that a complaint had been filed by the AOAO for six months after the actual filing. Service was made on March 9, 2009. This six month delay caused further escalation of maintenance and attorney fees without just cause.

20. On January 24, 2009, Plaintiffs, through Kitamura, tendered a cashier's check in the amount of $5,000.00 to Wayne Richardson in his capacity as property manager for t he AOAO. Mr. Richardson was abusive to Kitamura and refused to accept the check. Plaintiff again requested an accounting of the amount actually owed but her request was refused.

21. Defendants Richardson and Sakimae filed, in Fifth Circuit Court for the State of Hawaii a petition for an ex parte temporary restraining order and for an injunction against Kitamura in order to prevent her paying association feees in person. The Petition and injunction were denied on February 5, 2009 (Exhibit 3, Court Order).

22. During a hearing held in the foreclosure action held on October 22, 2009, the Honorable Randall G.B. Valenciano ordered arbitration on the issue of attorney fees for the AOAO's attorney, Nerney and required that Plaintiffs deposit with the AOAO $10,000.00 prior to the arbitration. The order was entered by the judge on December 9, 2009 (Exhibit 4, Court Order). It was understood by Kitamura that the check was not to be disbursed until arbitration was completed.

23. On October 29, 2009, Kitamura, on behalf of the Plaintiffs, tendered a check in the amount of $10,000.00 to the AOAO (Exhibit 5, copy of $10,000.00 check).

24. Following receipt of the check, Defendants, in violation of Judge Valenciano's order, did not arbitrate. However, AOAO applied the $10,000.00 check to Nerney's fees in the amount of $8,988.89. The purpose of the $10,000.00 was not as an immediate payment towards Nerney's attorney's fees.

25. Defendants have continued to engage in conduct to harass and intimidate the Plaintiffs into abandoning the Property.

### FIRST CAUSE OF ACTION
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT
### (Against all Defendants)

26. Plaintiffs adopt and incorporate all allegations made in the preceding paragraphs and further state:

27. The AOAO through its collection attorney and agents employed deceptive and abusive conduct in the collection of the debts against Plaintiffs. Plaintiffs were not timely notified of the amounts owed and when payments were made, the payments were refused.

28. Plaintiffs relied upon representations made by AOAO and its agents regarding amounts due and attempted in good faith to pay the believed amounts.

29. As a direct and proximate cause of the deceptive and abusive collection practice engaged in by the Defendants Plaintiffs were damaged in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
## BREACH OF CONTRACT
## (AS TO AOAO)

30. Plaintiffs adopt and incorporate all allegations made in the preceding paragraphs and further state:

31. A contract results when parties agree to certain terms that will govern their relationships.

32. AOAO and Plaintiffs entered into a contract when they executed the association by-laws governing relationships between them.

33. AOAO breached the by-laws's obligations with the Plaintiffs by intentionally, willfully and recklessly disregarding fair collection practices, thereby placing Plaintiffs in a position where they could not pay their association fees, resulting in much inflated fees due to collection costs (attorneys fees).

34. Due to AOAO's breach of contract, Plaintiffs have been damaged in having their Property subjected to a potential foreclosure due to inflated costs they are sustaining.

## THIRD CAUSE OF ACTION
## pNEGLICENCE
## (AS TO ALL DEFENDANTS)

35. Plaintiffs adopt and incorporate all allegations made in the preceding paragraphs and further state:

36. Negligence is the failure to exercise ordinary care when a duty is owed. The breach of that duty is negligence.

37. Defendants owed a duty of ordinary care to accept payments and inform Plaintiffs of the exact nature of arrearages so Plaintiffs may be able to pay.

38. Defendants breached their duty of ordinary care by not receiving fees when they were paid and not giving Plaintiffs a correct accounting, thereby preventing them from paying their dues.

39. Plaintiffs have been damaged having the Property placed in foreclosure with all attendant fees which would not otherwise have to be paid, in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION
## VIOLATION OF HRS CHAPTER 480

40. Plaintiffs adopt and incorporate all allegations made in the preceding paragraphs, and further state:

41. The actions of the Defendant, as more fully set forth above constitute unfair and deceptive acts or practices under Hawaii Revised Statutes Chapter 480.

42. The actions of the Defendants show an established pattern of unfair and deceptive acts and practices.

43. As a direct, proximate and foreseeable result of the Defendant's unfair act's and/or practices, Plaintiffs have suffered substantial losses and been injured.

44. Plaintiff's are entitled to an award of damages as appropriate under Hawaii Revised Statutes Section 480-13(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for relief and judgment as follows:

A. Awarding Plaintiffs damages in an amount to be proven at trial with interest thereon;

B. Awarding Plaintiff pre and post judgment interest, as well as its reasonable attorney fees and other costs;

C. Awarding Plaintiffs triple and or punitive damages as may be available to them for such misconduct as stated herein.

D. Awarding such equitable, legal and any other relief as the court may deem just and proper.

Dated: Kahului, Hawaii _____, 2012.

_____
RAMON J. FERRER