IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SUZANNE M. KITAMURA;<br>MCGRATH PROPERTIES, LLC;<br>SUZANNE M. KITAMURA as<br>Custodian for Dominique Angel<br>Fumes, a Minor Child Born on<br>12/13/1996,<br><br>            Plaintiffs,<br><br>     vs.<br><br>AOAO OF LIHUE TOWNHOUSE;<br>RE3, LLC, REAL ESTATE<br>SERVICES; WAYNE RICHARDSON;<br>KAREN REBECCA SAKIMAE;<br>PHILLIP S. NERNEY; JOHN DOES<br>1-10; JANE DOES 1-10; DOE<br>CORPORATIONS 1-10; DOE<br>PARTNERSHIPS 1-10; DOE NON-<br>PROFIT ENTITIES 1-10; and DOE<br>GOVERNMENTAL ENTITIES 1-10,<br><br>            Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL NO. 12-00353 LEK-BMK |

**ORDER GRANTING (1) DEFENDANT PHILIP S. NERNEY'S
MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO COUNT I AND TO
DISMISS COUNTS III & IV OF THE COMPLAINT FILED JUNE 20, 2012;
(2) DEFENDANT PHILIP S. NERNEY'S MOTION TO
STRIKE CONCISE STATEMENT IN OPPOSITION TO MOTION
AND MEMORANDUM IN OPPOSITION TO MOTION; AND
(3) DEFENDANTS AOAO OF LIHUE TOWNHOUSE,
RE3, LLC, REAL ESTATE SERVICES, WAYNE RICHARDSON,
<u>AND KAREN REBECCA SAKIMAE'S SUBSTANTIVE JOINDER</u>**

Before the Court are (1) Defendant Philip S. Nerney's

("Nerney") Motion for Partial Summary Judgment as to Count I and

to Dismiss Counts III & IV of the Complaint Filed June 20, 2012

("Nerney Motion"), filed October 24, 2012 [dkt. no. 16;]

(2) Nerney's Motion to Strike Concise Statement in Opposition to Motion and Memorandum in Opposition to Motion ("Motion to Strike"), filed January 14, 2013 [dkt. no 34;] and (3) Defendants AOAO of Lihue Townhouse ("AOAO"), RE3, LLC, Real Estate Services ("RE3"), Wayne Richardson, and Karen Rebecca Sakimae's Joinder in both of Nerney's motions [dkt. nos. 27, 35] (all collectively "Motions").  Plaintiffs Suzanne M. Kitamura, McGrath Properties, LLC ("McGrath"), and Suzanne M. Kitamura as Custodian for Dominique Angel Fumes (collectively "Plaintiffs") filed their memorandum in opposition to the Nerney Motion on January 11, 2013, and their memorandum in opposition to the Motion to Strike on January 23, 2013.  Defendants filed their reply briefs in support of the Nerney Motion on January 14, 2013.  The Court finds these motions suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i.  After careful consideration of the Motions, and the relevant legal authority, the Motions are HEREBY GRANTED.

## BACKGROUND

Plaintiffs filed their Complaint in this action on June 20, 2012, alleging violations of federal debt collection practices law, breach of contract, negligence, and unfair and deceptive practices. [Complaint at ¶ 1.]  They allege that Plaintiffs own a unit in the Lihue Townhouse condominium project

and are members of the AOAO, and that Nerney sought to collect arrears owed by Plaintiffs to the AOAO for association fees. Plaintiffs claim that Kitamura attempted to pay the alleged arrears, but that Richardson, in his capacity as property manager for the AOAO, refused to accept payment. Instead, Plaintiffs allege that Nerney filed a complaint to foreclose on the property for failure to pay AOAO fees, and that Richardson and Sakimae sought a temporary restraining order and injunction to prevent Kitamura from paying the association fees in person. Plaintiffs allege that they paid some of the outstanding fees, but that Defendants did not arbitrate the matter as ordered by a state circuit court judge, and that Defendants continue to harass and intimidate Plaintiffs into abandoning the property. [Id. at ¶¶ 12-25.]

**I.  Nerney Motion**

According to Nerney, the instant case is a retaliatory lawsuit following adverse state court rulings and entry of final judgment against McGrath and Kitamura as Custodian for Dominique Angel Funes ("Custodian") in Civil No. 0-1-0060 (Fifth Circuit) ("McGrath Action"). He states that all claims in the McGrath Action have been adjudicated in favor the AOAO and against McGrath and Custodian. Further, a foreclosure action filed by the AOAO against McGrath remains unadjudicated at the time of the filing of the Nerney Motion. Nerney asserts that he,

as counsel for the AOAO, initiated Civil No. 08-1-0202 ("Foreclosure Action") to collect unpaid common expense assessments claimed by the AOAO with respect to McGrath's rental property at the Lihue Townhouse condominium. [Mem. in Supp. of Nerney Mot. at 2.]

He moves for summary judgment on Count I, which alleges a violation of the Federal Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p. He argues that the Plaintiffs lack standing to bring such a claim because Kitamura, individually, does not own the property, and McGrath, which has title to the property, is in receivership, and a Receiver/Trustee has been appointed to settle its affairs. Nerney argues that the court-appointed Receiver/Trustee is the real party in interest to bring any claims on behalf of the entity. He also requests that the Court decline to assert supplemental jurisdiction over the remaining claims. [Id. at 3-10.]

### A.   AOAO, RE3, Richardson, and Sakimae's Joinder

The remaining Defendants also ask the Court to grant summary judgment as to Count I, and to decline to exercise jurisdiction over Plaintiffs' remaining state law claims, thereby dismissing Counts II, III, and IV. In addition to the arguments raised by Nerney, the remaining Defendants argue that they do not qualify as "debt collectors" under the FDCPA. [Mem. in Supp. of Substantive Joinder at 4-8.]

### B. **Plaintiffs' Opposition**

In their late-filed memorandum in opposition, Plaintiffs argue that the Court has jurisdiction and they have standing to bring their claims under the FDCPA. Plaintiffs state that the original transfer of the property from McGrath to Custodian was not fraudulent, but that the transfer back from Custodian to McGrath was not proper, because McGrath was a terminated entity. They argue that the property belongs to Custodian, and therefore, the collection actions against the property are collection actions against her for purposes of the FDCPA. [Mem. in Opp. to Nerney Mot. at 9-10.]

Plaintiffs further argue that Defendants' refusal to return tendered funds in February 2012 is "an attempt to collect a debt," which occurred within one year of the filing of the Complaint, and that the property is not a business rental property, but "its purpose is actually to provide security for Plaintiff Funes in the future." [Id. at 10-13.]

### C. **Defendants' Replies**

#### 1. **Nerney Reply**

In his reply, Nerney first notes that, due to Plaintiffs' untimely filing, he had only one business day in which to respond and file a reply brief. He also states that Plaintiffs did not oppose in their Concise Statement of Facts, and therefore admit, that: Kitamura, individually, never owned

the property; McGrath is not a natural person; the property was the subject of a non-judicial foreclosure which was blocked by the re-transfer of the property from Custodian back to McGrath; and the property was not used as Plaintiffs' primary residence, but was rented out for the business purpose of making a profit. [Reply to Nerney Mot. at 2-4.]

Nerney explains that, after default was entered in the Foreclosure Action, McGrath fraudulently transferred title to Custodian. The AOAO then began a non-judicial foreclosure against the property. Custodian was not successful in her attempt to enjoin the non-judicial foreclosure, and then re-transferred the property back to McGrath on the morning of the non-judicial foreclosure auction. [Id. at 10-11.]

### 2. **AOAO, RE3, Richardson, and Sakimae's Reply**

The additional Defendants assert in their reply that Plaintiffs do not provide sufficient legal or factual bases for their FDCPA claims, including: (1) whether Kitamura, individually, McGrath, or Custodian has standing; (2) how the FDCPA applies to rental property debt; (3) why the claim is not time-barred; (4) how any of the parties are debt collectors; (5) or addressed why this Court should exercise jurisdiction over Plaintiffs' ancillary claims. [Reply in Supp. of Substantive Joinder at 7-11.]

## II. Motion to Strike

Plaintiffs' memorandum in opposition to the Nerney Motion was due on Monday, January 7, 2013, and was not filed until Friday, January 11, 2013, after 10:00 p.m. Defendant Nerney moves to strike the late-file memorandum in opposition and separate and concise statement of facts ("CSOF") on the grounds that they were untimely and because Plaintiffs' exhibits attached to their CSOF are not properly authenticated. He notes that, because Plaintiffs filed these documents so late, Defendants had one business day in which to prepare their reply memoranda, due on Monday, January 14, 2013, and that they were substantially prejudiced by the late filing.

Defendant Nerney further states that Plaintiffs have been dilatory with respect to other filings and appearances, including: (1) McGrath has not filed a Corporate Disclosure Statement; (2) Plaintiffs have not filed a Rule 16 Scheduling Conference Statement; (3) neither Plaintiffs nor their counsel appeared at the November 9, 2012 Rule 16 Scheduling Conference; and (4) Plaintiffs have not filed their initial disclosures.

### B. Plaintiffs' Opposition

In Plaintiffs' late-filed opposition to the Nerney Motion, they state that the "memorandum could not be filed until January 11, 2013 because Plaintiff Kitamura was not available to help with the affidavit which must accompany this Memorandum.

7

Consequently, the Memorandum could not be filed until Plaintiff Kitamura could help with and sign the affidavit which must accompany this complex response." [Mem. in Opp. to Nerney Mot. at 3.] In her affidavit, Kitamura states that, "Although my attorney Ramon J. Ferrer has called me on numerous occasions over the last month to help him with the affidavit in this case, I have not been able to generate the energy to do so.  Even coming to his office yesterday has been very difficult for me.  I have in my possession the documents Mr. Ferrer needs but have not been able to get to his office to give them to him."  [Kitamura Aff. Re Medical Condition (dkt. no. 30-28), at ¶¶ 8-9.]

In opposition to the Motion to Strike, Plaintiffs submit the Declarations of Jeffrey H. Chester, DO, and Micki Ly, MD, which indicate that Plaintiff Kitamura is suffering from extreme fatigue, but do not indicate any urgent medical diagnosis or emergency health matters that would have prevented her from assisting in the preparation of Plaintiffs' Opposition.

## DISCUSSION

### I. Motion to Strike

Pursuant to Local Rule LR7.4, opposition memoranda are due no later that 21 days before the hearing.  The Local Rule also provides that: "Any opposition or reply that is untimely filed may be disregarded by the court or stricken from the record."  Plaintiff's memorandum in opposition to the Nerney

Motion was due on Monday, January 7, 2013.  It was filed on Friday, January 11, 2013, after 10:00 p.m.

To the extent Plaintiffs claim that the filing was delayed due to Kitamura's inability to complete and sign her affidavit, the Court finds this excuse unpersuasive.  Plaintiffs had other options besides filing late; they could have submitted a timely opposition and sought leave to file the original signed affidavit thereafter.  Further, the Nerney Motion was filed in October, and Plaintiffs were aware up to one month prior that they might have problems preparing their opposition memoranda due to Plaintiff Kitamura's health concerns.  Plaintiffs, however, did not contact opposing counsel or the Court, or otherwise seek a modification of the briefing schedule.  Defendants were prejudiced by the late filing, but nevertheless made extraordinary efforts to timely file their reply briefs.  In light of Plaintiffs' late filing of this and other documents, and the resulting prejudice to Defendants, the Court HEREBY GRANTS the Motion to Strike.[1]

## II. **Nerney Motion and Substantive Joinder**

Pursuant to Federal Rule of Civil Procedure 56(a), a party is entitled to summary judgment "if the movant shows that

---

[1] Although the Court has stricken Plaintiffs' late filings, it has independently reviewed them, and finds that they do not establish any genuine issues of material fact that would preclude the entry of summary judgment as to Count I.

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

### A.     **FDCPA Claim (Count I)**

Count I alleges a violation of the FDCPA, 15 U.S.C. §§ 1692-1692p, based on Defendants' attempts to secure payment of association fees from Plaintiffs.  The Court first notes that, Kitamura, individually, does not own the property and cannot bring a claim for alleged FDCPA violations.  Second, McGrath, which has former and current title to the property is not a "natural person" entitled to bring a claim as a "consumer" as set forth in 15 U.S.C. §§ 1692a(3).  Further, McGrath is in receivership, and a Trustee has been appointed to settle its affairs, therefore, the Trustee would be the real party in interest.  Additionally, the claims against the AOAO must fail because it is not a "debt collector" under the FDCPA because it has not attempted to collect a debt "owed or due another."  15 U.S.C. § 1692a(6).  Moreover, beyond these issues with individual parties, the Court finds that Plaintiffs cannot maintain an FDCPA claim as a matter of law, based on the undisputed record.

To the extent the FDCPA claim is based on the foreclosure proceedings, the claim fails as a matter of law. See, e.g., Caraang v. PNC Mortgage, 795 F. Supp. 2d 1098, 1107 (D. Hawai'i 2011) ("This district court has ruled that a lender pursuing a nonjudicial foreclosure is not attempting to collect a

debt for purposes of the FDCPA."); Hanaway v. JPMorgan Chase Bank, No. SACV 10-1809 DOC(PLAx), 2011 WL 672559, at *4 (C.D. Cal. Feb. 15, 2011) ("Since a transfer in interest is the aim of a foreclosure, and not a collection of debt, the foreclosure proceeding is not a debt collection action under the FDCPA."); Aniel v. T.D. Serv. Co., No. C 10-03185 JSW, 2010 WL 3154087, at *1 (N.D. Cal. Aug. 9, 2010) ("[A]llegations relating to the FDCPA claim relate to foreclosure proceedings and courts throughout this circuit have concluded that foreclosure does not constitute 'debt collection' under the FDCPA.").

      In any event, insofar as the subject of the judicial and non-judicial foreclosures was a rental property, any related collection efforts are not actionable under the FDCPA with respect to any of the named Plaintiffs.  15 U.S.C. § 1692a(5). Here, the evidence shows that the property was not used primarily for personal, family, or household purposes.  Plaintiffs did not use the property as a primary residence, but intended for the property's rental income to provide a source of funding for personal expenses.  See, e.g., Aniel v. TD Serv. Co., No. C 10-05323 WHA, 2011 WL 109550, at *4 (N.D. Cal. Jan. 13, 2011) ("This action arises out of a mortgage loan on a rental property, and that loan is not a 'debt' covered by the FDCPA."); Johnson v. Wells Fargo Home Mortg., Inc., No. 3:05-CV-0321-RAM, 2007 WL 3226153, at *9 (D. Nev. Oct. 29, 2007) ("The two loans at issue

11

were used to acquire two residential investment properties in order to collect rental payments.  Plaintiff has not used either of these rental properties for his personal residence or for any other personal, family or household purpose.  Furthermore, Plaintiff cites to no authority supporting the proposition that obtaining rental properties, which he does not occupy, but merely uses to collect rental payments, is still consumer in nature because he uses the properties for retirement planning.  Under these facts, Plaintiff's debt is business in nature, not consumer in nature.").

In sum, Plaintiffs cannot maintain an FDCPA claim as a matter of law.  Accordingly, the Court concludes that all Defendants are entitled to summary judgment on Plaintiffs' FDCPA claim.  The Motions are GRANTED as to Count I.

**B.  State Law Claims (Counts II, III, IV)**

Given the Court's grant of summary judgment on the lone federal claim, the only claims remaining are state law claims over which the Court has only supplemental jurisdiction.  Under 28 U.S.C. § 1367(c)(3), "district courts may decline to exercise supplemental jurisdiction . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]"  "[W]hen deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy,

convenience, fairness, and comity.'" City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 173 (1997) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)).

State courts have the primary responsibility for developing and applying state law, and the Court finds that "the values of judicial economy, convenience, fairness and comity" do not favor retaining jurisdiction in this case. Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (providing that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point towards declining to exercise jurisdiction over the remaining state-law claims" (quoting Carnegie-Mellon Univ., 484 U.S. at 350 n.7)).

The Court declines to exercise supplemental jurisdiction over the state law claims alleged in Plaintiffs' Complaint. Those claims are matters for state courts. Moreover, judicial economy does not favor retaining jurisdiction. See Otto v. Heckler, 802 F.2d 337, 338 (9th Cir. 1986) ("[T]he district court, of course, has the discretion to determine whether its investment of judicial energy justifies retention of jurisdiction or if it should more properly dismiss the claims without prejudice.").

In short, judicial economy, convenience, fairness, and comity weigh in favor of declining jurisdiction over Plaintiffs'

state law claims.  The Motions are HEREBY GRANTED with respect to Counts II, III, and IV, and those claims are DISMISSED.

## CONCLUSION

On the basis of the foregoing, (1) Defendant Philip S. Nerney's Motion for Partial Summary Judgment as to Count I and to Dismiss Counts III & IV of the Complaint Filed June 20, 2012, filed October 24, 2012; (2) Nerney's Motion to Strike Concise Statement in Opposition to Motion and Memorandum in Opposition to Motion, filed January 14, 2013; and (3) Defendants AOAO of Lihue Townhouse, RE3, LLC, Real Estate Services, Wayne Richardson, and Karen Rebecca Sakimae's Joinders are HEREBY GRANTED.  There being no remaining federal claims and no other basis for federal jurisdiction, the Court declines to assert supplemental jurisdiction over the remaining state law claims.  The Clerk of Court is directed to terminate this action.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 29, 2013.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**SUZANNE M. KITAMURA, ET AL. V. AOAO LIHUE TOWNHOUSE, ET AL; CIVIL NO. 12-00353 LEK-BMK; ORDER GRANTING (1) DEFENDANT PHILIP S. NERNEY'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO COUNT I AND TO DISMISS COUNTS III & IV OF THE COMPLAINT FILED JUNE 20, 2012; (2) DEFENDANT PHILIP S. NERNEY'S MOTION TO STRIKE CONCISE STATEMENT IN OPPOSITION TO MOTION AND MEMORANDUM IN OPPOSITION TO MOTION; AND (3) DEFENDANTS AOAO OF LIHUE TOWNHOUSE, RE3, LLC, REAL ESTATE SERVICES, WAYNE RICHARDSON, AND KAREN REBECCA SAKIMAE'S SUBSTANTIVE JOINDER**